Dear Mr. Curet:
You have requested the Attorney General's opinion regarding the issuance of a sewer permit to an applicant who has obtained an ordinance variance from the Tangipahoa Parish Council (the "Council"), but who is not in compliance with the Louisiana Sanitary Code. More specifically, you have provided the following facts and issues for our review:
The Sewerage District No. 1 of the Parish of Tangipahoa ("Sewerage District") is a public corporation created by Tangipahoa Parish Government pursuant to the provisions of La.R.S. 33:3881, et seq. The Sewerage District issues a sewer permit to applicants seeking electrical services through Entergy. The purpose of the sewer permit is to verify that the applicant is able to connect to a community sewerage system, that sewer service is available by connecting to a valid sewerage treatment system, and that public water supply is available to the applicant.
You have further noted that the Tangipahoa Parish Code of Ordinances Section 23-38 requires that all applicants requiring the approval of Sewerage District No. 1 must connect to a community water supply as required in the Public Health Sanitary Code.[1]Ordinance 23-38 further provides that "approval of the Sewerage District No. 1 of Tangipahoa Parish will not be granted until such connection is completed."[2]
Notwithstanding these requirements, on July 27, 2009, the Council passed an ordinance granting to Renniba Pitt's residence a conditional variance to the provisions of Section 23-38 as relating to the mandatory connection to the community water supply.[3] *Page 2 
According to your request, it is the position of the Board of Supervisors of the Sewerage District that Louisiana's Public Health Sanitary Code preempts any local parish ordinances concerning the issue of connection to a public water supply. As such, you have presented the following questions to this Office for review:
1. Under the circumstances set forth herein, if the applicant failed to obtain permission from the state health officer to use water from some other source, would the Sewerage District be legally authorized to issue to her a sewer permit?
2. Should the applicant be required to first obtain permission from the state health officer to use water from some other source before the Sewerage District is authorized to issue a sewer permit (in order for the Sewerage District to comply with the Sanitary Code)?
3. Further, under the circumstances set forth herein, is the Council's variance ordinance in contravention of the Louisiana Sanitary Health Code, and as such unenforceable (and/or invalid)?
Each of these questions is answered below.
Parish Authority
Tangipahoa Parish has adopted a home rule charter which, consistent with Article VI, Section 5(E) of the Louisiana Constitution, gives to the parish government the authority to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with the Constitution.[4] Furthermore, local governmental subdivisions are specifically given the authority to create sewerage districts for the maintenance and operation of sewer systems within their districts.[5] However, the power of local governing authorities to manage its affairs is not without limitations.
In Rollins Environmental Services of La., Inc. v. IbervilleParish Police Jury, [6] the Louisiana Supreme Court held:
. . . where a police jury has authority to regulate by ordinance in a particular field, the exercise of that authority is dependent upon whether the State legislature has not enacted general laws on the same subject and thereby preempted that field of regulation.
Furthermore, the Constitution grants the Legislature the power to enact laws consistent with the State's police powers, and also specifically prohibits local governmental *Page 3 
subdivisions from enacting any ordinance that would abridge the police power of the State.[7]
In this instance, the Legislature has specifically provided that the state health officer and the office of public health of the Department of Health and Hospitals ("DHH") has "exclusive jurisdiction, control, and authority . . . to enforce a sanitary code for the entire state . . ."[8] Indeed, DHH has adopted a State Sanitary Code[9] and has specifically promulgated provisions relating to water supplies[10] and sewerage disposal.[11]
Specifically, Section 347 of the State Sanitary Code provides:
[a]ll inhabited premises and buildings located within 300 feet of an approved public water supply shall be connected with such supply, provided that the property owner is legally entitled to make such a connection. The state health officer may grant permission to use water from some other source.
Thus, any local ordinance that conflicts with this provision of the State Sanitary Code is invalid and unenforceable.[12]
Validity of Tangipahoa Parish Ordinances
On July 25, 2005, the Council adopted Ordinance No. 05-38 and amended the Tangipahoa Parish Code of Ordinances to include Section 23-38 to require applicants to comply with § 347 of the State Sanitary Code by connecting to community water supplies, when required by law, prior to receiving approval from the Sewerage District.[13]Section 23-38 provides,
[a]ll applicants requiring the approval of Sewerage District No. 1 of the Tangipahoa Parish under any of the ordinances in chapter 23, of this Code, must connect to a community water supply as required in the Louisiana Administrative Code, Title 51, Public Health Sanitary Code. *Page 4 
Furthermore, approval of the Sewerage District No. 1 of Tangipahoa Parish will not be granted until such connection is completed.
Because this Ordinance simply parallels the requirements of State law and sets limitations on the Sewerage District's ability to act when the requirements of State law are not met, it is the opinion of this Office that Ordinance No. 05-38 is valid.
However, on July 27, 2009, the Council adopted Ordinance No. 09-48, which granted to the residence of Renniba Pitts a conditional variance to the provisions of Section 23-38 as it relates to the mandatory connection requirement of the Sanitary Code. More specifically, this conditional variance states that the residence in question is located within three hundred feet of a public water supply and that due to a lack of funding, the Tangipahoa Water District has been unable to supply a service connection box for accessible hookup for the residence. As such, the Council states:
[u]ntil the Tangipahoa Water District provides water connections from the main service line to a service box that is readily available for use . . . this said residence is granted a conditional variance from the requirement for its connection to the community water supply . . . and as such is authorized to continue using the existing private water supply until such time as the Tangipahoa Water District provides water connections from the main line to service boxes that are readily available for use to this residence. . .[14]
As discussed above, if a local ordinance, including a variance granted pursuant thereto, is in conflict with State law, State law will preempt the local ordinance. In the current matter, there is no dispute that the residence in question is located within three hundred feet of an approved public water supply. As such, § 347 of the Sanitary Code mandates that this residence connect to the public water supply, unless one of the two exceptions of § 347 apply. § 347 contains two exceptions to the mandatory connection requirement: (1) connection is not required if the owner of the residence is not legally entitled to make the connection; and, (2) connection is not required if the state health officer grants permission to the owner to use water from another source.[15]
There is nothing in your opinion request that indicates that the owner of the residence in question lacks the legal authority to make the connection; therefore, for the purposes of this opinion, we will assume that she does have the necessary legal authority. Thus, unless the owner obtains permission from the state health officer to use water from a source other than the public water supply, any variance issued by the Sewerage District purporting to grant permission to the owner to use water from another source is in direct conflict with State law. Therefore, it is the opinion of this Office that without proof that the state health officer granted permission under § 347 of the Sanitary Code, Ordinance 09-48 is invalid. However, should the owner obtain the necessary permission provided for in § 347, it is further the opinion of this Office that the Council would then be *Page 5 
authorized to grant the owner a conditional variance to the requirements of Section 23-38 of the Tangipahoa Parish Code of Ordinances.
In other words, the Council is authorized to grant a variance to the requirements of local law and allow the Sewerage District to grant a permit to this residence, but only if all other requirements of State law have first been met. In this instance, the variance provided for in Ordinance 09-48 allowing the Sewerage District to grant a permit can only be grantedafter the state health officer gives the owner permission to use water from another source. Therefore, it is the opinion of this Office that since there is no evidence that the state health officer has granted the owner the above-described permission, Ordinance 09-48 is invalid and the Sewerage District is without authority to grant the residence in question a sewer permit.
We hope that this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our Office.
Yours truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ Megan K. Terrell Assistant Attorney General
JDC/MKT/tp
[1] See LAC 51:101, et seq.
[2] Tangipahoa Parish Code of Ordinances Section 23-38.
[3] Tangipahoa Parish Code of Ordinances, Ordinance No. 09-48.
[4] Tangipahoa Parish Code of Ordinances, Section 1-01.
[5] See La.R.S. 33:3881 et seq,
[6] 371 So.2d 1127, 1131 (La. 1979).
[7] La.Const. Art. VI, § 9(B). It should be noted that local governments whose Home Rule Charters pre-date the 1974 Constitution have broader power to enact legislation than those local governments whose Home Rule Charter antedate the 1974 Constitution. City ofNew Orleans v. Board of Commissioners of the O.L.D., 93-0690(La. 7/5/94), 640 So.2d 237 (La. 1994). In this instance, while Tangipahoa is a post-1974 Home Rule Charter, the principle that the police power of the state cannot be abridged is applicable to all local government regardless of the date of its home rule powers. See Id. at 252 (an absolute grant of power has not been provided to any local government, even those whose Home Rule Charters pre-date the 1974 Constitution).
[8] La.R.S. 40:5.
[9] LAC 51:1.101, et seq.
[10] LAC 51:XII.101, et seq.
[11] LAC 51:XIII.101, et seq.
[12] See La. Atty. Gen. Op. Nos. 77-1243 99-18A (stating that the Constitution prohibits preemption of State law by a local ordinance; therefore, a conflict between State law and a local ordinance renders the ordinance invalid).
[13] Tangipahoa Parish Ordinance No. 05-38.
[14] Tangipahoa Parish Ordinance No. 09-48. (emphasis in original)
[15] LAC 51:XII 347.